## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DAVID M. SELLERS, as next friend and parent of ANNA SELLERS, a minor child,** | : | |
| **PLAINTIFF,** | : | |
| | : | |
| **v.** | : | **C.A. No.: 05-207** |
| | : | |
| | : | **TRIAL BY JURY OF** |
| | : | **TWELVE DEMANDED** |
| **RODNEY W. MEADOWS,** | : | |
| **J.B. HUNT TRANSPORT, INC., and** | : | |
| **D.G. LOGISTICS, INC., jointly and** | : | |
| **severally,** | : | |
| | : | |
| **DEFENDANTS.** | : | |

## AMENDED COMPLAINT

## I.  JURISDICTION

1.     Jurisdiction is based on a diversity of citizenship, pursuant to 28 U.S.C., § 1332 et. seq.

2.     The amount of controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

## II. THE PARTIES

3.     Plaintiff, Anna Sellers, a minor child, by her next friend and parent, David M. Sellers, are residents of the State of Delaware, residing at 908 Big Oak Road, Smyrna, Delaware.

4.     Defendant Rodney W. Meadows, upon information and belief, is a resident of the Commonwealth of Virginia , with a last known address of 602 Farmers Lane, Vinton, Virginia 24179.

5.   Defendant J.B. Hunt Transport, Incorporated is, upon information and belief, an Oklahoma Corporation , whose principal place of business is located at 4000 South Council Road, Oklahoma City, Oklahoma 73179.

6.   Defendant D. G. Logistics, Incorporated is, upon information and belief, a Tennessee corporation, whose principal place of business is located at 100 Mission Ridge Road, Goodlettsville, Tennessee, 37072.

### III. AGENCY

7.   At all times relevant, Defendant Rodney W. Meadows was operating a motor vehicle registered to Defendant J. B. Hunt Transport, Inc.

8.   At all times relevant, Defendant Rodney W. Meadows was operating a motor vehicle individually and while in the course and scope of his employment with J. B. Hunt Transport, Inc.  The Defendants are required to deny the allegation of this averment by affidavit, pursuant to 10 Del.C. §3916.

9.   Defendant J. B. Hunt Transport, Inc. is responsible for the negligent acts and conduct of Defendant Rodney W. Meadows pursuant to the doctrine of *Respondeat Superior* and negligent entrustment.

10.  At all times relevant Defendant D.G. Logistics, Inc. was the owner of the trailer attached to the motor vehicle owned by Defendant J.B. Hunt Transport, Inc., and operated by Defendant Rodney W. Meadows.

### IV. FIRST CAUSE OF ACTION

11.  On April 19, 2003 at approximately 8:30 P.M., Plaintiff Anna Sellers was a

passenger in a motor vehicle   traveling northbound on duPont Parkway
(U.S. Route 13) south of Paddock Road, Smyrna, New Castle County,
Delaware.

12.   At the same time and place, Defendant Rodney W. Meadows, individually
and while in the scope of his employment with Defendant J.B. Hunt
Transport, Inc., was operating a tractor trailer northbound along the
duPont Parkway (U.S. Route 13) south of Paddock Road in  New Castle
County, Delaware.

13.   Defendant Rodney W. Meadows intended to make a "U" turn from north
bound duPont Parkway (U.S. Route 13) onto south bound duPont Parkway
(U.S. Route 13).

14.   Defendant Rodney W. Meadows while attempting to undertake the "U"
turn, positioned the tractor trailer outside the left hand turn lane and
stopped in the left hand through lane.

15.   The rear lights of the trailer being operated by the Defendant Rodney W.
Meadows were inoperable, and not lit.

16.   The operator of the vehicle in which the Plaintiff Anna Sellers was a
passenger, did not appreciate or observe the un-lit tractor trailer in the
roadway and struck the rear portion of the tractor trailer.

17.   The aforesaid collision was proximately caused by the negligent conduct
of the Defendant Rodney W. Meadows in that he:

(a)  operated the commercial vehicle in a careless and imprudent manner

without due regard for traffic conditions then existing in violation of 21

<u>Del. C.</u> §4176(a);

(b) failed to give full time and attention to the operation of the

commercial vehicle in violation of 21 <u>Del. C.</u> §4176(b);

(c) failed to maintain a proper lookout in violation of 21 <u>Del. C.</u> §4176(b);

(d) failed to operate the commercial vehicle without obstructing the

passage of other vehicles in violation of 21 <u>Del. C.</u> §4130;

(e) failed to maintain, inspect and operate the brake lights in violation of

21 <u>Del. C.</u> §4347(a);

(f) failed to maintain turn signals in violation of 21 <u>Del. C.</u> §4347(b);

(g) failed to maintain the taillights in violation of 21 <u>Del. C.</u> §4334(a);

(h) operated a motor vehicle with inoperable brake lights  in violation of

21 <u>Del. C.</u> §4347(a);

(I) operated a motor vehicle with inoperable turn signals in violation of

21 <u>Del. C.</u> §4347(b);

(j) operated a motor vehicle with inoperable tail-lights in violation of 21

<u>Del. C.</u> §4334(a); and

(k) was otherwise negligent as will be developed during the discovery

process.

<u>18.</u>   As a direct and proximate result of the negligent conduct of the Defendant,

Rodney W. Meadows, Plaintiff Anna Sellers, suffered and continues to

suffer, pain, mental anguish, inconvenience and serious injury to her

person including, but not limited to facial fractures, loss of vision on the left side, diminished hearing some or all of which are permanent in nature.

19. As a further direct and proximate result of the negligent conduct of the Defendant Rodney W. Meadows, Plaintiff Anna Sellers has incurred and will continue to incur into the future medical and other related expenses.

**WHEREFORE,** Plaintiff demands judgment against Defendant Rodney W. Meadows for such general and special damages as the jury will award, plus costs and interest.

## V. SECOND CAUSE OF ACTION

20. Paragraphs one through nineteen are re-alleged herein as though fully set forth.

21. At all times relevant Defendant D.G. Logistics, Inc. was the owner of the trailer attached to the motor tractor owned by Defendant J.B. Hunt Transport, Inc., and operated by Defendant Rodney W. Meadows.

22. The aforesaid collision was proximately caused by the negligent conduct of the Defendant Defendant D.G. Logistics, Inc. the owner of the truck trailer in that they:

(a) failed to maintain and inspect the brake lights in violation of the in violation of the equipment and operating rules of established under the Interstate Commerce Commission Regulation (ICC)

(b) failed to maintain and inspect turn signals in violation of the ICC regulations

(c)  failed to maintain and inspect  the taillights in violation of the ICC regulations

(d)  failed to inspect and maintain the electrical connection between the tractor and the trailer in violation of the equipment and operating rules of established under the Interstate Commerce Commission.

(e)  was otherwise negligent as the facts will attest.

23.  As a direct and proximate result of the negligent conduct of the Defendant, D.G. Logistics, Inc., Plaintiff Anna Sellers, suffered and continues to suffer, pain, mental anguish, inconvenience and serious injury to her person including, but not limited to facial fractures, loss of vision on the left side, diminished hearing some or all of which are permanent in nature.

24.  As a further direct and proximate result of the  negligent conduct of the Defendant D. G. Logistics, Inc. Plaintiff Anna Sellers has incurred and will continue to incur into the future medical and other related expenses.

**WHEREFORE,** Plaintiff demands judgment against Defendant D. G. Logistics, Inc. for such general and special damages as the jury will award, plus costs and interest.


**SILVERMAN, MCDONALD & FRIEDMAN**

By: _____
       Robert C. McDonald, Esquire
       1010 N. Bancroft Parkway, Suite 22
       Wilmington, DE 19805
       (302) 888-2900
       Bar I.D. No.: 2340
       Attorney for Plaintiff