# SILVERMAN, McDONALD & FRIEDMAN
### Attorneys at Law

Michael I. Silverman*
Robert C. McDonald
Jeffrey Friedman***
Brian E. Lutness**
Donna Schnitzler, RN
Lynn A. Iannone†

1010 North Bancroft Parkway
Suite 22
Wilmington, Delaware 19805

(302) 888-2900
Telecopier:
(302) 888-2923

*Also Admitted in PA.
**Also Admitted in NJ.
***Also Admitted in Pa. & N.J.
† Also Admitted in M.D.

April 25, 2005

J. B. Hunt Transport, Inc.
4000 South Council Road
Oklahoma City, OK 73179

Re: <u>David M. Sellers, as next freind and parent of Anna Sellers, a minor child v. Rodney W. Meadows, J.B. Hunt Transport, Inc., and D.G. Logistics, Inc. jointly and severally</u>
Civil Action No.:05-207

Dear Sir/Madam:

Pursuant to the provisions of 10 <u>Del. C.</u> §3111, I am enclosing a copy of the Process, Complaint and Amended Complaint with regard to the above-captioned action.

You are hereby notified that service of the original of such process has been served upon the Secretary of State of Delaware.

As you can see, these papers name you as a defendant in a civil action which has been initiated in the United States District Court in the District of Delaware. Under the provisions of Title 10, §3111, of the Delaware Code, such service is as effectual to all intents and purposes as if it has been made upon you personally within the State.

Very truly yours,

Robert C. McDonald

RCM/acp
Enclosures
REGISTERED MAIL NO. RA 122 443 697 US
RETURN RECEIPT REQUESTED

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

David M. Sellers, as next friend
and parent of Anna Sellers, a minor
child,
      V.  Plaintiff,

Rodney W. Meadows, J.B. Hunt Transport,
Inc., and D.G. Logistics, Inc.,
jointly and severally.
        Defendants.

ALIAS
**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 05-207

TO: (Name and address of Defendant)

    J.B. Hunt Transport, Inc.
    4000 South Council Road
    Oklahoma City, OK  73179

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Robert C. McDonald, Esquire
    Silverman, McDonald & Friedman
    1010 N. Bancroft Parkway, Suite 22
    Wilmington, DE  19805

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO                        4-15-05

CLERK                                         DATE

_[signature]_

(By) DEPUTY CLERK

AO 440 (Rev 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me(1) | 4/19/05 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| GRANVILLE MORRIS | SPECIAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify):  SERVED; J. B. HUNT TRANSPORT, INC. C/O DEL. SEC. OF STATE, TOWNSEND BLDG. DOVER, DE COPIES THEREOF WERE ACCEPTED BY MARTINA MARTIN (PROCESS AGENT)

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  4/18/05
           Date

*Signature of Server*
BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE 19899-1360
302-475-2600

ALSO SERVED
AMENDED COMPLAINT

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. SELLERS, as next friend and parent of ANNA SELLERS, a minor child,<br>       PLAINTIFF,<br><br>v.<br><br><br>RODNEY W. MEADOWS,<br>J.B. HUNT TRANSPORT, INC., and<br>D.G. LOGISTICS, INC., jointly and severally,<br><br>       DEFENDANTS. | :<br>:<br>:<br>:<br>:<br>:   C.A. No.: 05-207<br>:<br>:   TRIAL BY JURY OF<br>:   TWELVE DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ALIAS PRAECIPE

PLEASE ISSUE ALIAS SUMMONS AND COMPLAINT upon Brandywine Process Servers for service of process through the Secretary of State pursuant to 10 Del. C. § 3114, upon the following corporation:

J.B. Hunt Transport, Inc.
4000 South Council Road
Oklaholma City, OK 73179

SILVERMAN, MCDONALD & FRIEDMAN

By: _____
Robert C. McDonald, Esquire
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 888-2900
Bar I.D. No.: 2340
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. SELLERS, as next friend and parent of ANNA SELLERS, a minor child,<br>    PLAINTIFF,<br><br>v.<br><br>RODNEY W. MEADOWS,<br>J.B. HUNT TRANSPORT, INC., and<br>D.G. LOGISTICS, INC., jointly and severally,<br><br>    DEFENDANTS. | :<br>:<br>:<br>:<br>:<br>:  C.A. No.: 05-207<br>:<br>:  TRIAL BY JURY OF<br>:  TWELVE DEMANDED<br>:<br>:<br>:<br>:<br>:<br>: |

## ALIAS PRAECIPE

PLEASE ISSUE ALIAS SUMMONS AND COMPLAINT upon Brandywine Process Servers for service of process through the Secretary of State pursuant to 10 Del. C. § 3114, upon the following corporation:

D.G. Logistics, Inc.
100 Mission Ridge Road
Goodlettsville, TN 37072

SILVERMAN, MCDONALD & FRIEDMAN

By: _____
Robert C. McDonald, Esquire
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 888-2900
Bar I.D. No.: 2340
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. SELLERS, as next friend and parent of ANNA SELLERS, a minor child,<br>         PLAINTIFF,<br><br>v.<br><br>RODNEY W. MEADOWS,<br>J.B. HUNT TRANSPORT, INC., and<br>D.G. LOGISTICS, INC., jointly and severally,<br>         DEFENDANTS. | C.A. No.: 05-207<br><br>TRIAL BY JURY OF<br>TWELVE DEMANDED |

## ALIAS PRAECIPE

PLEASE ISSUE ALIAS SUMMONS AND COMPLAINT upon Brandywine Process Servers for service of process through the Secretary of State pursuant to 10 Del. C. § 3112, upon the following corporation:

Rodney W. Meadows
602 Farmers Lane
Vinton, VA 24179

                              SILVERMAN, McDONALD & FRIEDMAN

                              By: _____
                                   Robert C. McDonald, Esquire
                                   1010 N. Bancroft Parkway, Suite 22
                                   Wilmington, DE 19805
                                   (302) 888-2900
                                   Bar I.D. No.: 2340
                                   Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

DAVID M. SELLERS, as next friend and :
parent of ANNA SELLERS, a minor :
child, :
      PLAINTIFF, :
 :
v.                                :   C.A. No.: 05-207
 :
                                          :   TRIAL BY JURY OF
                                          :   TWELVE DEMANDED
RODNEY W. MEADOWS, :
J.B. HUNT TRANSPORT, INC., and :
D.G. LOGISTICS, jointly and severally :
 :
      DEFENDANTS. :

## COMPLAINT

### I. JURISDICTION

1. Jurisdiction is based on a diversity of citizenship, pursuant to 28 U.S.C., § 1332 et. seq.

2. The amount of controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

### II. THE PARTIES

3. Plaintiff, Anna Sellers, a minor child, by her next friend and parent, David M. Sellers, are residents of the State of Delaware, residing at 908 Big Oak Road, Smyrna, Delaware.

4. Defendant Rodney W. Meadows, upon information and belief, is a resident of the Commonwealth of Virginia, with a last known address of 602 Farmers Lane, Vinton, Virginia 24179.

5. Defendant J.B. Hunt Transport, Incorporated is, upon information and belief, an Oklahoma Corporation, whose principal place of business is located at 4000 South Council Road, Oklahoma City, Oklahoma 73179.

6. Defendant D. G. Logistics, Incorporated is, upon information and belief, a Tennessee corporation, whose principal place of business is located at 100 Mission Ridge Road, Goodlettsville, Tennessee, 37072.

### III. AGENCY

7. At all times relevant, Defendant Rodney W. Meadows was operating a motor vehicle registered to Defendant J. B. Hunt Transport, Inc.

8. At all times relevant, Defendant Rodney W. Meadows was operating a motor vehicle individually and while in the course and scope of his employment with J. B. Hunt Transport, Inc. The Defendants are required to deny the allegation of this averment by affidavit, pursuant to 10 Del.C. §3916.

9. Defendant J. B. Hunt Transport, Inc. is responsible for the negligent acts and conduct of Defendant Rodney W. Meadows pursuant to the doctrine of *Respondeat Superior* and negligent entrustment.

10. At all times relevant Defendant D.G. Logistics was the owner of the trailer attached to the motor vehicle owned by Defendant J.B. Hunt Transport, Inc., and operated by Defendant Rodney W. Meadows.

### IV. FIRST CAUSE OF ACTION

11. On April 19, 2003 at approximately 8:30 P.M., Plaintiff Anna Sellers was a

passenger in a motor vehicle traveling northbound on duPont Parkway (U.S. Route 13) south of Paddock Road, Smyrna, New Castle County, Delaware.

13. At the same time and place, Defendant Rodney W. Meadows, individually and while in the scope of his employment with Defendant J.B. Hunt Transport, Inc., was operating a tractor trailer northbound along the duPont Parkway (U.S. Route 13) south of Paddock Road in New Castle County, Delaware.

14. Defendant Rodney W. Meadows intended to make a "U" turn from north bound duPont Parkway (U.S. Route 13) onto south bound duPont Parkway (U.S. Route 13).

15. Defendant Rodney W. Meadows while attempting to undertake the "U" turn, positioned the tractor trailer outside the left hand turn lane and stopped in the left hand through lane.

16. The rear lights of the trailer being operated by the Defendant Rodney W. Meadows were inoperable, and not lit.

17. The operator of the vehicle in which the Plaintiff Anna Sellers was a passenger, did not appreciate or observe the un-lit tractor trailer in the roadway and struck the rear portion of the tractor trailer.

18. The aforesaid collision was proximately caused by the negligent conduct of the Defendant Rodney W. Meadows in that he:

(a) operated the commercial vehicle in a careless and imprudent manner

without due regard for traffic conditions then existing in violation of 21 Del. C. §4176(a);

(b) failed to give full time and attention to the operation of the commercial vehicle in violation of 21 Del. C. §4176(b);

(c) failed to maintain a proper lookout in violation of 21 Del. C. §4176(b);

(d) failed to operate the commercial vehicle without obstructing the passage of other vehicles in violation of 21 Del. C. §4130;

(e) failed to maintain, inspect and operate the brake lights in violation of 21 Del. C. §4347(a);

(f) failed to maintain turn signals in violation of 21 Del. C. §4347(b);

(g) failed to maintain the taillights in violation of 21 Del. C. §4334(a);

(h) operated a motor vehicle with inoperable brake lights in violation of 21 Del. C. §4347(a);

(I) operated a motor vehicle with inoperable turn signals in violation of 21 Del. C. §4347(b);

(j) operated a motor vehicle with inoperable tail-lights in violation of 21 Del. C. §4334(a); and

(k) was otherwise negligent as will be developed during the discovery process.

17. As a direct and proximate result of the negligent conduct of the Defendant, Rodney W. Meadows, Plaintiff Anna Sellers, suffered and continues to suffer, pain, mental anguish, inconvenience and serious injury to her

person including, but not limited to facial fractures, loss of vision on the left side, diminished hearing some or all of which are permanent in nature.

18. As a further direct and proximate result of the negligent conduct of the Defendant Rodney W. Meadows, Plaintiff Anna Sellers has incurred and will continue to incur into the future medical and other related expenses.

**WHEREFORE**, Plaintiff demands judgment against Defendant Rodney W. Meadows for such general and special damages as the jury will award, plus costs and interest.

## V. SECOND CAUSE OF ACTION

19. Paragraphs one through eighteen are re-alleged herein as though fully set forth.

20. At all times relevant Defendant D.G. Logistics was the owner of the trailer attached to the motor tractor owned by Defendant J.B. Hunt Transport, Inc., and operated by Defendant Rodney W. Meadows.

21. The aforesaid collision was proximately caused by the negligent conduct of the Defendant Defendant D.G. Logistics, the owner of the truck trailer in that they:

(a) failed to maintain and inspect the brake lights in violation of the in violation of the equipment and operating rules of established under the Interstate Commerce Commission Regulation (ICC)

(b) failed to maintain and inspect turn signals in violation of the ICC regulations

(c) failed to maintain and inspect the taillights in violation of the ICC regulations

(d) failed to inspect and maintain the electrical connection between the tractor and the trailer in violation of the equipment and operating rules of established under the Interstate Commerce Commission.

(e) was otherwise negligent as the facts will attest.

21. As a direct and proximate result of the negligent conduct of the Defendant, D.G. Logistics, Inc., Plaintiff Anna Sellers, suffered and continues to suffer, pain, mental anguish, inconvenience and serious injury to her person including, but not limited to facial fractures, loss of vision on the left side, diminished hearing some or all of which are permanent in nature.

22. As a further direct and proximate result of the negligent conduct of the Defendant D. G. Logistics, Inc. Plaintiff Anna Sellers has incurred and will continue to incur into the future medical and other related expenses.

**WHEREFORE,** Plaintiff demands judgment against Defendant D. G. Logistics, Inc. for such general and special damages as the jury will award, plus costs and interest.

SILVERMAN, MCDONALD & FRIEDMAN

By: _____
Robert C. McDonald, Esquire
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 888-2900
Bar I.D. No.: 2340
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. SELLERS, as next friend and parent of ANNA SELLERS, a minor child,<br>　　　　PLAINTIFF,<br><br>v.<br><br><br>RODNEY W. MEADOWS,<br>J.B. HUNT TRANSPORT, INC., and<br>D.G. LOGISTICS, INC., jointly and severally,<br><br>　　　　DEFENDANTS. | :<br>:<br>:<br>:<br>:<br>:  C.A. No.: 05-207<br>:<br>:  TRIAL BY JURY OF<br>:  TWELVE DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## AMENDED COMPLAINT

### I. JURISDICTION

1. Jurisdiction is based on a diversity of citizenship, pursuant to 28 U.S.C., § 1332 et. seq.

2. The amount of controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

### II. THE PARTIES

3. Plaintiff, Anna Sellers, a minor child, by her next friend and parent, David M. Sellers, are residents of the State of Delaware, residing at 908 Big Oak Road, Smyrna, Delaware.

4. Defendant Rodney W. Meadows, upon information and belief, is a resident of the Commonwealth of Virginia, with a last known address of 602 Farmers Lane, Vinton, Virginia 24179.

5. Defendant J.B. Hunt Transport, Incorporated is, upon information and belief, an Oklahoma Corporation, whose principal place of business is located at 4000 South Council Road, Oklahoma City, Oklahoma 73179.

6. Defendant D. G. Logistics, Incorporated is, upon information and belief, a Tennessee corporation, whose principal place of business is located at 100 Mission Ridge Road, Goodlettsville, Tennessee, 37072.

## III. AGENCY

7. At all times relevant, Defendant Rodney W. Meadows was operating a motor vehicle registered to Defendant J. B. Hunt Transport, Inc.

8. At all times relevant, Defendant Rodney W. Meadows was operating a motor vehicle individually and while in the course and scope of his employment with J. B. Hunt Transport, Inc. The Defendants are required to deny the allegation of this averment by affidavit, pursuant to 10 Del.C. §3916.

9. Defendant J. B. Hunt Transport, Inc. is responsible for the negligent acts and conduct of Defendant Rodney W. Meadows pursuant to the doctrine of *Respondeat Superior* and negligent entrustment.

10. At all times relevant Defendant D.G. Logistics, Inc. was the owner of the trailer attached to the motor vehicle owned by Defendant J.B. Hunt Transport, Inc., and operated by Defendant Rodney W. Meadows.

## IV. FIRST CAUSE OF ACTION

11. On April 19, 2003 at approximately 8:30 P.M., Plaintiff Anna Sellers was a

passenger in a motor vehicle traveling northbound on duPont Parkway (U.S. Route 13) south of Paddock Road, Smyrna, New Castle County, Delaware.

12. At the same time and place, Defendant Rodney W. Meadows, individually and while in the scope of his employment with Defendant J.B. Hunt Transport, Inc., was operating a tractor trailer northbound along the duPont Parkway (U.S. Route 13) south of Paddock Road in New Castle County, Delaware.

13. Defendant Rodney W. Meadows intended to make a "U" turn from north bound duPont Parkway (U.S. Route 13) onto south bound duPont Parkway (U.S. Route 13).

14. Defendant Rodney W. Meadows while attempting to undertake the "U" turn, positioned the tractor trailer outside the left hand turn lane and stopped in the left hand through lane.

15. The rear lights of the trailer being operated by the Defendant Rodney W. Meadows were inoperable, and not lit.

16. The operator of the vehicle in which the Plaintiff Anna Sellers was a passenger, did not appreciate or observe the un-lit tractor trailer in the roadway and struck the rear portion of the tractor trailer.

17. The aforesaid collision was proximately caused by the negligent conduct of the Defendant Rodney W. Meadows in that he:

(a) operated the commercial vehicle in a careless and imprudent manner

without due regard for traffic conditions then existing in violation of 21 Del. C. §4176(a);

(b) failed to give full time and attention to the operation of the commercial vehicle in violation of 21 Del. C. §4176(b);

(c) failed to maintain a proper lookout in violation of 21 Del. C. §4176(b);

(d) failed to operate the commercial vehicle without obstructing the passage of other vehicles in violation of 21 Del. C. §4130;

(e) failed to maintain, inspect and operate the brake lights in violation of 21 Del. C. §4347(a);

(f) failed to maintain turn signals in violation of 21 Del. C. §4347(b);

(g) failed to maintain the taillights in violation of 21 Del. C. §4334(a);

(h) operated a motor vehicle with inoperable brake lights in violation of 21 Del. C. §4347(a);

(I) operated a motor vehicle with inoperable turn signals in violation of 21 Del. C. §4347(b);

(j) operated a motor vehicle with inoperable tail-lights in violation of 21 Del. C. §4334(a); and

(k) was otherwise negligent as will be developed during the discovery process.

18. As a direct and proximate result of the negligent conduct of the Defendant, Rodney W. Meadows, Plaintiff Anna Sellers, suffered and continues to suffer, pain, mental anguish, inconvenience and serious injury to her

person including, but not limited to facial fractures, loss of vision on the left side, diminished hearing some or all of which are permanent in nature.

19. As a further direct and proximate result of the negligent conduct of the Defendant Rodney W. Meadows, Plaintiff Anna Sellers has incurred and will continue to incur into the future medical and other related expenses.

**WHEREFORE,** Plaintiff demands judgment against Defendant Rodney W. Meadows for such general and special damages as the jury will award, plus costs and interest.

## V. SECOND CAUSE OF ACTION

20. Paragraphs one through nineteen are re-alleged herein as though fully set forth.

21. At all times relevant Defendant D.G. Logistics, Inc. was the owner of the trailer attached to the motor tractor owned by Defendant J.B. Hunt Transport, Inc., and operated by Defendant Rodney W. Meadows.

22. The aforesaid collision was proximately caused by the negligent conduct of the Defendant Defendant D.G. Logistics, Inc. the owner of the truck trailer in that they:

(a) failed to maintain and inspect the brake lights in violation of the in violation of the equipment and operating rules of established under the Interstate Commerce Commission Regulation (ICC)

(b) failed to maintain and inspect turn signals in violation of the ICC regulations

(c) failed to maintain and inspect the taillights in violation of the ICC regulations

(d) failed to inspect and maintain the electrical connection between the tractor and the trailer in violation of the equipment and operating rules of established under the Interstate Commerce Commission.

(e) was otherwise negligent as the facts will attest.

23. As a direct and proximate result of the negligent conduct of the Defendant, D.G. Logistics, Inc., Plaintiff Anna Sellers, suffered and continues to suffer, pain, mental anguish, inconvenience and serious injury to her person including, but not limited to facial fractures, loss of vision on the left side, diminished hearing some or all of which are permanent in nature.

24. As a further direct and proximate result of the negligent conduct of the Defendant D. G. Logistics, Inc. Plaintiff Anna Sellers has incurred and will continue to incur into the future medical and other related expenses.

**WHEREFORE,** Plaintiff demands judgment against Defendant D. G. Logistics, Inc. for such general and special damages as the jury will award, plus costs and interest.

**SILVERMAN, MCDONALD & FRIEDMAN**

By: _____
Robert C. McDonald, Esquire
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 888-2900
Bar I.D. No.: 2340
Attorney for Plaintiff

AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

_____ District of _____

|  |  |
|---|---|
| Plaintiff<br>V.<br><br>Defendant | NOTICE, CONSENT, AND ORDER OF REFERENCE —<br>EXERCISE OF JURISDICTION BY A UNITED STATES<br>MAGISTRATE JUDGE<br><br>Case Number:  0 5 - 2 0 7 |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____     _____
Date                United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED ON <u>THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.