UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. SELLERS, as next friend and parent of ANNA SELLERS, a minor child<br>　　　　Plaintiff | :<br>:<br>:<br>:　C.A. No. 05-207(JJF)<br>: |
| v.<br>RODNEY W. MEADOWS<br>J.B. HUNT TRANSPORT, INC. and<br>D.G. LOGISTICS, INC.,<br>　　　　Defendants | :<br>:　TRIAL BY JURY OF<br>:　TWELVE DEMANDED<br>:<br>:<br>: |
| RODNEY W. MEADOWS<br>J.B. HUNT TRANSPORT, INC. and<br>D.G. LOGISTICS, INC.,<br>　　　　Third-Party Plaintiffs | :<br>:<br>:<br>: |
| v. | : |
| LACY E. HOLLY, as Administrator of the Estate of Tina M. Sellers<br>　　　　Third-Party Defendant | :<br>:<br>: |

**ANSWER AND THIRD-PARTY COMPLAINT of**
**RODNEY W. MEADOWS, J.B. HUNT TRANSPORT, INC. and D.G. LOGISTICS**

　　　　Defendants, Rodney W. Meadows (hereinafter "Meadows"), J.B. Hunt Transport, Inc. (hereinafter "J.B. Hunt") and D.G. Logistics, LLC (incorrectly designated as D.G. Logistics, Inc. (hereinafter "D.G.") by and through their attorneys, Rawle & Henderson, LLP, hereby Answers the Amended Complaint and in support of same avers as follows:

I.　　JURISDICTION

　　1.　　Admitted.

　　2.　　Denied. After reasonable investigation, defendants are without sufficient information to form a belief as to the truth or falsity of the averment contained in this paragraph, and therefore same is denied. Strict proof will be required at trial.

## II. THE PARTIES

3. Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of the averment contained in this paragraph of the complaint, and therefore same is denied. Strict proof will be required at the time of trial.

4. Admitted.

5. Admitted in part and denied in part. It is admitted only that J.B. Hunt Transport, Inc. is a corporation. It is denied that J.B. Hunt has its principal place of business in Oklahoma, and that J.B. Hunt is an Oklahoma corporation.

6. Admitted in part and denied in part. It is admitted that D.G's principal place of business is at the address identified in this paragraph of the complaint. It is denied that D.G. is a Tennessee corporation, D.G. is a limited liability company organized and existing under the laws of the State of Tennessee.

## III. AGENCY

7. Denied in part and admitted in part. The allegations contained in this paragraph of the complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, Defendants admit only that at all times material hereto that defendant Meadows was driving a tractor (commercial vehicle) owned by J.B. Hunt.

8. Denied in part and admitted in part. The allegations contained in this paragraph of the complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, Defendants admit only that at all

1325285 v.1

times material hereto that defendant Meadows was acting in furtherance of the business of J.B. Hunt.

9. Denied. The allegations contained in this paragraph of the complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, any and all allegations of negligence are denied.

10. Denied. The allegations contained in this paragraph of the complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, Defendants admit only that at all times material hereto that defendant Meadows was driving a tractor (commercial vehicle) owned by J.B. Hunt hauling a trailer owned by D.G.

IV.   FIRST CAUSE OF ACTION

11. Denied. After reasonable investigation, defendants are without sufficient information to form a belief as to the truth or falsity of the averment contained in this paragraph, and therefore same is denied. Strict proof will be required at trial.

12. Denied in part and admitted in part. The allegations contained in this paragraph of the complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, Defendants admit only that at all times material hereto that defendant Meadows was acting in furtherance of the business of J.B. Hunt.

1325285 v.1

13. Denied. The allegations contained in this paragraph of the complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, any and all allegations of negligence are denied.

14. Denied. The allegations contained in this paragraph of the complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, defendants are without sufficient information to form a belief as to the truth or falsity of the averment contained in this paragraph, and therefore same is denied. Strict proof will be required at trial.

15. Denied. By way of further answer, defendants are without sufficient information to form a belief as to the truth or falsity of the averment contained in this paragraph, and therefore same is denied. Strict proof will be required at trial.

16. Denied in part and admitted in part. Defendants are without sufficient information to form a belief as to the truth or falsity of the averment contained in this paragraph, and therefore same is denied. Strict proof will be required at trial. By way of further answer and not in derogation of the foregoing, it is admitted a driver struck the rear of the tractor trailer driven by Meadows.

17.(a-k) Denied. The allegations contained in this paragraph and its subparts (a-k) of the amended complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, Defendants deny any and all allegations of negligence. Additionally, defendants aver that the accident was the

1325285 v.1

sole and proximate result of the conduct of the intoxicated driver who struck the rear of the commercial vehicle operated by Meadows.

18. Denied. After reasonable investigation, defendants are without sufficient information to form a belief as to the truth or falsity of the averment contained in this paragraph, and therefore same is denied. Strict proof will be required at trial.

19. After reasonable investigation, defendants are without sufficient information to form a belief as to the truth or falsity of the averment contained in this paragraph, and therefore same is denied. Strict proof will be required at trial.

WHEREFORE, Defendants Rodney W. Meadows, J. B. Hunt Transport, Inc. and D.G. Logistics, LLC respectfully requests that this Court grant judgment in their favor and against the plaintiff, together with costs, attorneys fees and other relief as the Court deems equitable and just.

V. SECOND CAUSE OF ACTION

20. Defendants incorporate by reference the answers to paragraphs 1-19 as if set forth fully herein.

21. Denied. The allegations contained in this paragraph of the complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, Defendants admit only that at all times material hereto that defendant Meadows was driving a tractor (commercial vehicle) owned by J.B. Hunt hauling a trailer owned by D.G..

22. (a-e) Denied. The allegations contained in this paragraph and its subparts (a-e) of the amended complaint are conclusions of law to which no responsive pleading is

1325285 v.1

required under the Rules of Civil Procedure, and therefore same are denied. By way of further answer and not in derogation of the foregoing, Defendants deny any and all allegations of negligence. Additionally, defendants aver that the accident was the sole and proximate result of the conduct of the intoxicated driver who struck the rear of the commercial vehicle operated by Meadows.

23. Denied. After reasonable investigation, defendants are without sufficient information to form a belief as to the truth or falsity of the averment contained in this paragraph, and therefore same is denied. Strict proof will be required at trial.

24. After reasonable investigation, defendants are without sufficient information to form a belief as to the truth or falsity of the averment contained in this paragraph, and therefore same is denied. Strict proof will be required at trial.

WHEREFORE, Defendants Rodney W. Meadows, J. B. Hunt Transport, Inc. and D.G. Logistics, LLC respectfully requests that this Court grant judgment in their favor and against the plaintiff, together with costs, attorneys fees and other relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants did not breach any duty owed to plaintiff.

### THIRD DEFENSE

The injuries or damages sustained by plaintiff, if any, were not actually or proximately caused by an act or omission on the part of the defendants.

1325285 v.1

## FOURTH DEFENSE

Plaintiff's injuries and damages, if any, were caused in whole or in part by the intervening and superseding acts of third parties over whom defendants had no control.

## FIFTH DEFENSE

Defendants, at all relevant times, acted with due care and complied with all requirements of applicable law.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

## NINTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## TENTH DEFENSE

Defendants were confronted with a sudden emergency and exercised all reasonable care under the circumstances.

## ELEVENTH DEFENSE

Defendants are entitled to a credit/set off for any expenses paid by insurance or other third parties who are claimed as damages by the plaintiff.

## TWELFTH DEFENSE

Plaintiff's claims are barred under the Doctrine of Avoidable Consequences.

## THIRTEENTH DEFENSE

This Court lacks jurisdiction over these defendants by reason of insufficiency of process and reserves the right to move at or before trial for a dismissal of the Complaint on the ground of lack of jurisdiction because of insufficiency of process and/or service.

## FOURTEENTH DEFENSE

Defendants assert all defenses available to it pursuant to the terms of Delaware's Financial Responsibility Law or applicable No-Fault Statute.

1325285 v.1

**FIFTEENTH DEFENSE**

Plaintiff's alleged injuries and damages were proximately caused, in whole or in part, by the fault of third parties for whom defendants are not legally responsible.

**SIXTEENTH DEFENSE**

Damages allegedly sustained by the plaintiff, if any, were entirely or substantially caused by the negligence of other parties or persons for whom defendants have no responsibility, and not by the culpable conduct or negligence of the defendants.

**SEVENTEENTH DEFENSE**

Upon information and belief, the injuries and/or damages complained of by plaintiff pre-existed or were sustained after the accident which is the subject matter of this Complaint.

WHEREFORE, Defendants Rodney W. Meadows, J. B. Hunt Transport, Inc. and D.G. Logistics, LLC respectfully requests that this Court grant judgment in their favor and against the plaintiff, together with costs, attorneys fees and other relief as the Court deems equitable and just.

**THIRD-PARTY COMPLAINT AGAINST**
**LACY E. HOLLY, as Administrator of the Estate of Tina M. Sellers**

Third party plaintiffs, Rodney W. Meadows, J.B. Hunt Transport, Inc. and D.G. Logistics, LLC, by and through its attorneys Rawle and Henderson, allege upon knowledge, information and belief:

1.   This third-party action is brought pursuant to F.R.C.P. 14.

1325285 v.1

2.      At all times relevant to this action, defendant Meadows was acting in the furtherance of the business of J.B. Hunt.

3.      On, or about April 19, 2003, third-party defendant's decedent negligently, recklessly, and carelessly crashed her vehicle into defendants' vehicle.

4.      Plaintiff, in the Complaint, seeks judgment against defendants for past and present "pain, mental anguish, inconvenience and serious injury in her person." (See Exhibit "B," attached).

5.      Upon information and belief, the decedent, Tina M. Sellers, acted or failed to act in such a manner that constituted negligence, including but not limited to:

    a)    operating a motor vehicle without a license in violation of 21 <u>Del. C.</u> § 2756;

    b)    operating a motor vehicle under the influence of alcohol in violation of 21 <u>Del. C.</u> §4177;

    c)    operating a motor vehicle too fast for conditions in violation of 21 <u>Del. C.</u> § 4176(b);

    d)    striking the rear of a vehicle lawfully stopped;

    e)    failing to properly secure a minor in a child restraint in violation of 21 <u>Del. C.</u> § 4803;

    f)    operating a motor vehicle without due regard to traffic then existing in violation of 21 <u>Del. C.</u> § 4176(a);

    g)    failing to maintain a proper lookout in violation of 21 <u>Del. C.</u> § 4176(b);

    h)    failing to give full time and attention to the roadway in violation of 21 <u>Del. C.</u> § 4176(b);

1325285 v.1

i) was aggressively driving in violation of 21 Del. C. § 4175A.

j) was otherwise negligent, careless or reckless.

6. If plaintiff establishes that she suffered injuries and damages as alleged in the plaintiff's Amended Complaint, then said injuries and damages were caused solely by the aforesaid negligence, recklessness, and carelessness of third-party defendant's decedent, Tina M. Sellers

7. As a result of the aforesaid negligence, the Estate of Tina M. Sellers is solely liable to plaintiff for any injuries and damages sustained as a result of the accident.

### Jurisdiction Over Third-Party Defendants

8. At the time of the alleged occurrence described in plaintiff's Complaint, the decedent had been a resident of the State of Delaware.

9. On or about November 21, 2005, Lacy E. Holly was appointed administrator of the Estate of Tina M. Sellers. (See attached Exhibit "B.")

10. A Third-Party Complaint against additional non-diverse counterclaim defendants does not destroy diversity jurisdiction when there is complete diversity of citizenship between the originally named parties. In Re Texas E. Trans. PCB Contamination Lit., 15 F.3d 1230 (3rd Cir. 1994).

11. This Honorable Court also has jurisdiction over the claims asserted in the Third-Party Complaint filed by defendants/third-party plaintiffs, Meadows, J.B. Hunt and D.G., pursuant to 28 U.S.C. §1367(a) (Supplemental Jurisdiction).

**WHEREFORE**, defendants, Rodney W. Meadows, J.B. Hunt Transport, Inc. and D.G. Logistics, LLC, demand judgment in their favor and against third-party defendant,

1325285 v.1

Lacy E. Holly as Administrator of the Estate of Tina M. Sellers, for any sum that may be awarded to plaintiff or that defendants may be granted indemnity or contribution from said third party defendant for all or any part of the sums due plaintiff, including interest, counsel fees and costs and any other such further relief as the Court may deem equitable and just.

                              RAWLE & HENDERSON LLP

                         By: ___/s/ Delia A. Clark___
                              Delia A. Clark (DAC3337)
                              300 Delaware Ave. – Suite 1015
                              Wilmington, DE 19801
                              (302)778-1200
                              Attorneys for Rodney W. Meadows
                              and J.B. Hunt Transport, Inc. and
                              D.G. Logistics, LLC

Date: July 17, 2006

1325285 v.1